IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DESMOND CUNNINGHAM                                                                           PLAINTIFF

v.                                                                    CAUSE NO: 3:24-CV-381-SA-RP

PENTAGON FEDERAL CREDIT UNION, *et al*.                                          DEFENDANTS

ORDER

On November 5, 2024, Desmond Cunningham, who is proceeding *pro se*, filed his initial Complaint [2] against Pentagon Federal Credit Union in the Circuit Court of Desoto County, Mississippi. Pentagon removed the case to this Court on the basis of federal question jurisdiction. After Pentagon moved to dismiss the claims against it, Cunningham filed an Amended Complaint [13] on January 7, 2025. In the Amended Complaint [13], which is now the operative complaint, Cunningham named several additional Defendants, including the Desoto County, Mississippi Tax Assessor's Office, National Title Insurance of New York, Mississippi Department of Revenue, Servicelink, LLC, and Mortgage Electronic Registration Systems, Inc.

Several of the Defendants have moved for dismissal and Cunningham has also made numerous filings requesting various relief. In all, there are nine Motions [6, 10, 11, 12, 27, 37, 38, 40, 49] pending at this time.

*Relevant Background*

Generally speaking, this case concerns the placement of a lien on Cunningham's real property located in Desoto County, Mississippi. At the outset, the Court notes that the Amended Complaint [13] is a 37-page document that addresses numerous issues and is far from a model of clarity. Nonetheless, through review of the Amended Complaint [13], the original Complaint [2] which Cunningham incorporates into the Amended Complaint [13], and the attachments to the

Defendants' filings, the Court has endeavored to parse out the relevant facts. Because of the nature of the Amended Complaint [13] and its failure to address some of the pertinent facts, the Court necessarily relied on the submissions from the Defendants in compiling the relevant facts.

On May 5, 2017, Cunningham, a disabled veteran, acquired title to real property located at 7743 Rowlett Drive in Olive Branch, Mississippi. *See* [13], Ex. 1 at p. 86. On February 18, 2022, the Mississippi Department of Revenue issued a homestead notice of adjustment to the Desoto County Board of Supervisors concerning Cunningham's property. The notice concerns the year 2021 and provides in pertinent part:

> This is notice that the Department is making an adjustment to the County's Homestead Exemption reimbursement. The above applicant is not qualified for Homestead Exemption.

[38], Ex. 1 at p. 1.

As the reason for the adjustment, the notice states that "applicant or applicant's spouse has failed to comply with the income tax laws of Mississippi" and cites Mississippi Code Section 27-33-63(2). *Id*. The Desoto County Chancery Clerk thereafter recorded the notice. When Cunningham did not pay the 2021 taxes, they became delinquent on February 1, 2023. Thereafter, on August 28, 2023, Desoto County sold the property at a tax sale due to nonpayment of the 2021 property taxes.

On October 23, 2023, Cunningham refinanced the property by obtaining a mortgage loan from Pentagon. That loan is backed by the U.S. Department of Veterans Affairs. Cunningham contends that at the time the refinancing loan closed, he was unaware of the pending tax lien. He takes issue with Pentagon's failure to notify him of the lien. He also takes issue with the imposition of the lien in the first place, as he contends that the homestead exemption applies. Further, the original Complaint [2] includes a contention that "[a]fter closing, the Deed of Trust was altered

without Plaintiff's consent." [13], Ex. 1 at p. 3. Specifically on that point, Cunningham alleges: "[t]he original instruction on the Deed of Trust read, 'when recorded, return to: PenFed Vault at Iron Mountain,' but was crossed out and stamped with 'Record and return to: Service Link." *Id*. (citations omitted).

In the "Summarization" section of his Amended Complaint [13], Cunningham alleges in pertinent part:

> The Petitioner, a disabled veteran, proffers that my property is exempt from ad valorem taxes under Mississippi Code § 27-33-67, which provides a homestead tax exemption for disabled veterans. Despite this exemption, the county allegedly placed an unlawful lien [on] my property. This action, constitutes a direct violation of rights secured by both the United States and Mississippi Constitutions.
>
> . . .
>
> As the Petitioner I contend that the defendants' actions violated not only my due process rights by failing to provide proper notice of the lien and disregarding homestead exemption status, but also my right to property, my right to be secure in my property, the right to be free of unlawful encroachment and/or deprivation by State actors. I further contend that this lack of notification and disregard for protected status deprived this petitioner of the opportunity to be heard and defend my constitutionally secured property rights.

[13] at p. 33-34.

The Amended Complaint [13] sets forth numerous claims against the Defendants. As Cunningham phrases it, the claims are for unconstitutional imposition of a tax lien on exempt property allegedly in violation of the Fourth, Fifth, Ninth, and Tenth Amendments, and Article III, Section 5 of the Mississippi Constitution; violation of equal protection and due process; violation of the right to self-governance and protection; violation of the Fourth Amendment right to be secure in property; violation of the First Amendment; unjust enrichment; a "coordinated effort to defraud him of his property rights"; violation of public policy; unlawful material alteration of the

3

deed of trust; insurance fraud; and a violation of the Fair Debt Collection Practices Act ("FDCPA").[1]

In the section of the Amended Complaint [13] entitled "Compensation Punitive and Reparational," Cunningham alleges:

> The very fact that the defendants knew that this property was protected under the Homestead act, it was their duty and their job to understand this protection and that they refuse to acknowledge it is either dereliction of duty or intentional in their attempt to take my home by nefarious means. A home built from the ground up and having $500,000 at least in equity, it appears that they were doing this to enrich themselves unjustly at my expense. The amount of time [and] the amount of effort and the amount of exhaustion associated with defending against their unlawful actions cause enough! [sic]
>
> . . .
>
> That the very fact that I am a disabled veteran, entitles me to some courtesies, such as not being forced to go to Court to resolve something that should have been resolved through proper understanding and communication channels. That I should have been notified that the property had a lien prior to closing. The lack of notification clouded the title, causing damage to my standing on the public record, my reputation, the property's reputation, and the property's marketability and value. This failure to provide notice has resulted in financial harm and other damages to the Petitioner.

[13] at p. 32-33.

As noted previously, the Defendants have separately moved for dismissal of the respective claims asserted against them.

*Analysis and Discussion*

As this brief recitation illustrates, Cunningham's allegations are far reaching and implicate various areas of law. But the alleged facts are not adequately linked to his causes of action. The case law surrounding a plaintiff's obligation to adequately state a claim for purposes of Rule

---

[1] Cunningham lists other claims, but they appear to be duplicative of the referenced claims.

12(b)(6) is well-established. In particular, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Here, Cunningham's allegations fall well below the requisite threshold. For instance, despite expending considerable effort, the Court is unable to determine the basis for many of his causes of action and/or which parties certain claims are asserted against. Additionally, he at times seemingly attempts to assert constitutional claims against non-state actors without any explanation of how such liability might attach. *See, e.g., Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) ("Our cases try to plot a line between state action subject to [constitutional] scrutiny and private conduct (however exceptionable) that is not.") (citation omitted). Rather than walk through each of those claims individually, the Court finds it appropriate to provide Cunningham *one* additional opportunity to amend. In large part, the Court finds this course of action to be proper in light of Cunningham's *pro se* status. *See, e.g., Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

The Court will provide Cunningham 21 days from today's date to file a Second Amended Complaint. When filing a Second Amended Complaint, Cunningham shall file a single document, rather than incorporating various documents which allege different causes of action, so that the Court and the opposing parties can determine which claims are asserted against which parties. Cunningham is also cautioned that the failure to comply with the applicable pleading standards will result in dismissal of his claims *with prejudice*. In other words, although the Court extends leniency at this time, it will not do so again.

Furthermore, the Court specifically advises Cunningham that the failure to file a Second Amended Complaint within 21 days—specifically, on or before June 20, 2025—will result in the lawsuit being dismissed *without further notice*.

*Conclusion*

All pending Motions [6, 10, 11, 12, 27, 37, 38, 40, 49], including Cunningham's filings seeking various relief, are hereby TERMINATED. When Cunningham files a Second Amended Complaint, the Defendants may again move for dismissal if they desire to do so. Furthermore, recognizing the issues addressed in Magistrate Judge Percy's Order [97], the previously imposed stay of this case shall remain in place until the Court indicates otherwise.[2]

SO ORDERED this the 30th day of May, 2025.

/s/ Sharion Aycock  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Cunningham has also filed two Objections [99, 103] wherein he takes issue with Magistrate Judge Percy's rulings in this case. The Court need not delve into those issues. They are without merit. Cunningham has pointed to no clear error that Magistrate Judge Percy committed. In fact, the rulings carefully address Cunningham's arguments. As noted above, the previously-imposed stay of this case shall remain in place until otherwise ordered. The Objections [99, 103] are OVERRULED and TERMINATED.