IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DESMOND CUNNINGHAM PLAINTIFF

v. CAUSE NO: 3:24-CV-381-SA-RP

PENTAGON FEDERAL CREDIT UNION, *et al.* DEFENDANTS

ORDER

After being directed to do so by the Court, Desmond Cunningham, who is proceeding *pro se* in this litigation, filed his Second Amended Complaint [105] on June 20, 2025. The Defendants in the Second Amended Complaint [105] are Pentagon; National Title Insurance of New York ("National Title"); ServiceLink, LLC; and Mortgage Electronic Registration Systems, Inc. ("MERS").

On January 7, 2026, this Court entered an Order and Memorandum Opinion [146], wherein it analyzed Cunningham's claims and ultimately concluded that dismissal was appropriate. The Court separately entered a Final Judgment [147] the same day.

Now before the Court is Cunningham's Motion [148] requesting "post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b)(3)[.]" [148] at p. 1. The Motion [148], which is opposed, is ripe for review.

In its Order and Memorandum Opinion [146], the Court set forth the underlying facts in significant detail and sees no need to recite them again here. But, as a general matter, the case involves allegations of misconduct in connection with Cunningham's refinancing of a loan backed by real property located in Desoto County, Mississippi. Cunningham's Second Amended Complaint [105] is a 37-page document (32 of which are substantive) that, in essence, seeks to invalidate the transaction—and his resulting obligation to make mortgage payments. The Second

Amended Complaint [105] is far from a model of clarity, but the Court, in its Order and Memorandum Opinion [146], endeavored to parse out the relevant facts and construe them in Cunningham's favor. After walking through each of Cunningham's thirteen claims, the Court dismissed each of them and closed the case.

In his present Motion [148], Cunningham takes issue with the Court's conclusions in many respects. His filing spans multiple points, such as the Court's denial of his request to revoke the *pro hac vice* admission of one of the attorneys involved in the case and the Court's denial of his request for discovery pursuant to Rule 56(d), among other things.

As noted previously, Cunningham relies on both Rule 59(e) and Rule 60(b)(3) to support his request. "A Rule 59(e) motion to alter or amend a judgment is an 'extraordinary remedy' that serves the 'narrow purpose' of 'allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Wilson v. Mississippi*, 20212 WL 12878153, at *1 (N.D. Miss. Nov. 16, 2022) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "Its proper use does not extend to rehash evidence, legal theories, or arguments that could have been presented before judgment was entered." *Id*. (citation omitted). And "Rule 60(b)(3) permits relief from judgment where there has been fraud, misrepresentation, or misconduct by the opposing party." *House v. Huntington Ingalls, Inc.*, 547 F. App'x 494, 495 (5th Cir. 2013) (citing FED. R. CIV. P. 60(b)(3)).

Regardless of which standard is applied here, the outcome is the same. Cunningham is not entitled to relief.

In his filing, Cunningham makes much of the fact that local counsel did not sign the entry of appearance filed by Michael A. Graziano, an attorney who was admitted *pro hac vice*. The Magistrate Judge entered an Order [36] denying Cunningham's request to revoke Graziano's pro

hac vice admission, specifically noting that "while local counsel is required to sign all filings, the court does not find that Graziano's filing of an entry of his appearance without local counsel's signature warrants revocation of his *pro hac vice* admission." [36] at p. 1. Cunningham now argues that he was not treated fairly because he was subjected to an "unequal application" of the Rules because, while the Court did not revoke Graziano's *pro hac vice* admission, it subjected him to "strict procedural standards[.]" [148] at p. 17. This is inaccurate. The Court provided extensive leniency to Cunningham throughout the course of this litigation. For instance, in a previous Order [104], it provided him an opportunity to file an amended complaint to attempt to state a plausible claim for relief. Additionally, in its Order and Memorandum Opinion [146] that ultimately dismissed the case, the Court noted the inclusion of nonexistent legal citations in his filings yet extended him leniency by not imposing any sanctions at that time due to his pro se status. The reality is that Cunningham's claims were dismissed because he has not stated a viable claim—he has not been subjected to an "unequal application" of the applicable Rules.

Cunningham also complains that the Court did not permit him to conduct discovery despite his request to do so. The Court addressed this issue on page 16 of its Order and Memorandum Opinion [146]. Cunningham's current arguments on this point are nothing more than an expression of dissatisfaction with the Court's conclusion on that point.

Cunningham goes on to make other arguments, but the Court sees no need to address them any further as they all simply constitute efforts to rehash his view of the case. And he certainly has not established that any of the opposing parties have engaged in fraud, misrepresentation, or misconduct.

The Court's Order and Memorandum Opinion [146] fully analyzed Cunningham's claims. Nothing in his present filing provides the basis for the extraordinary relief he now seeks. The Motion [148] is DENIED. This case remains closed.

SO ORDERED this the 24th day of September, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE